SHERMAN WOODARD, ALIAS WILLIE JOHNSON, V. THE STATE.

No. 3282.  Decided October 28, 1914.

**1.—Knowingly Having in Possession a Forged Instrument with Intent to Use Same—Sufficiency of the Evidence.**

Where, upon trial of knowingly, etc., having in his possession a false and forged instrument in writing with intent to use and pass the same, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Former Acquittal—Separate Offenses.**

Where defendant was tried and convicted for knowingly, etc., having in his possession a false and forged instrument in writing with intent to use and pass the same, and filed a plea of former acquittal on the ground that on said former trial he was acquitted of knowingly, etc., having in his possession a forged check, etc., and attempted to pass the same upon another person than the one alleged in the instant case, there was no error in striking out said plea, as the two offenses were separate and, distinct.

**3.—Same—Charge of Court—Bill of Exceptions.**

Where, upon trial of knowingly, etc., having in his possession a false and forged instrument in writing with intent to use and pass the same, defendant made no exceptions to the court's charge before it was read, and did not except to the refusal of the court to submit special charges, neither of which was applicable to the facts, there was no reversible error.

Vol. 75 Crim.-7.

Appeal from the District Court of Lamar.    Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of knowingly having in his possession a forged instrument with intent to use same; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for knowingly, etc., having in his possession a false and forged instrument in writing with intent to use and pass the same, and his punishment assessed at the lowest prescribed by law.

The indictment is in two separate and distinct counts.    The first avers, with the other necessary elements, that he attempted to pass as true to one J. T. Conway said false and forged instrument in writing, a check copied in the indictment.    The second avers, with the other necessary elements, that he had in his possession said check, which was a false and forged instrument in writing, and knowing that it was false and forged he had it in his possession with intent to use and pass it as true.    The first count was not submitted to the jury; the second was, and he was convicted on that as found expressly by the verdict.

He pleaded in writing former acquittal, claiming that it was the same offense with which he was charged and tried this time.    His plea alleges that on the former prosecution and trial he was charged in the first count thereof with forging the same instrument; that on the former trial the first count was not submitted, but the second count only was. The second count in that indictment averred that he well knowing said check to be false and forged, with intent to injure and defraud, attempted to pass it as true to one W. P. Duncan.

The State, by the district attorney, moved to strike out said plea of jeopardy, because in this case he is charged with having said forged instrument in his possession, knowing it to be forged, with intent to use and pass it as true, and that the fact that he has heretofore been acquitted of having forged the same check would be no bar to this prosecution, and also the fact that he had been acquitted for having passed said forged check upon W. P. Duncan would be no bar to the prosecution in this case for having passed the same check upon J. T. Conway, and further that the defendant, upon former trial of the case in which he was acquitted of having passed the forged check upon W. P. Duncan, claimed and filed a plea on account of the fact that there was a variance between the indictment and the proof, as the records of that case will show.    The judgment of the court, in passing upon this question, shows that he heard evidence and argument, and sustained the State's motion to strike out appellant's said plea, to which he excepted.    The record in no way discloses what the evidence intro-

duced before the court was. We must assume that the evidence sup-
ported the action of the court and that the action of the court is correct.
But in any event, the offenses alleged in the two indictments, although
about the same check, are separate and distinct offenses as clearly shown
by the indictment in this case and appellant's plea of jeopardy and the
indictment attached as a part thereof. As shown above, the indictment
in the former case, in the first count, charged appellant with forging the
instrument; in the second count, with attempting to pass it upon Dun-
can. In this case the first count, which was not submitted, and appel-
lant was not tried on it, charged that he attempted to pass it on Con-
way, and the second, that he had it in his possession, knowing it to be
false, with intent to use and pass it as true, and are entirely separate
and distinct offenses, and the court committed no error in striking out
his plea. Branch's Crim. Law, sec. 398, p. 240, and cases there collated.

The record shows no objection to the court's charge before it was
read to the jury. There appears in the record three special charges
requested by appellant; one of them was given, the other two refused.
When they were presented to the court in no way is made to appear,
nor does appellant except to the refusal of the court by any bill of
exceptions whatever to give these two refused special charges. The
matter, therefore, is not raised in such way that we can properly con-
sider the refusal to give his two charges, but even if we could consider
the question, neither of them should have been given. One is to require
the jury peremptorily to acquit appellant; the other is to acquit him
if they believe the name signed to the alleged forged instrument pur-
ports to be the act of Fred Williamson, and they find the name to it to
be Freed William: The name actually signed to the instrument as
shown by copy of it in the indictment and the instrument itself intro-
duced in evidence was Freed Willam.

The only other question is, appellant claims that the evidence is
insufficient to support the verdict. We have carefully read and studied
the statement of facts, and in our opinion the evidence is amply suffi-
cient to sustain the verdict. We see no necessity or propriety in stating
the evidence in this opinion.

The judgment is affirmed.

*Affirmed.*